Sara Khosroabadi, Esq. (SBN: 299642)
sara@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone:   (619) 233-7770
Facsimile:   (619) 297-1022

*Attorneys for Plaintiff,*
Denise Didario

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA- WESTERN DIVISION

| **Denise Didario f/k/a Denise M. Kord,**<br><br>                     Plaintiff,<br><br>v.<br><br>**Bleier & Cox, APC; and National Collegiate Student Loan Trust 2004-1, a Delaware Statutory Trust,**<br><br>                     **Defendants.** | CASE NO: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Denise Didario f/k/a Denise Kord, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Bleier & Cox, APC ("Bleier & Cox") and National Collegiate Student Loan Trust 2004-1, A Delaware Statutory Trust ("National Collegiate") (collectively "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## Jurisdiction and Venue

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

9. Plaintiff is a natural person who resides in the City of Colorado Springs, State of Colorado.

10. Plaintiff resides in El Paso County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically, Defendant suing Plaintiff in the County of Orange, *National Collegiate Student Loan Trust 2004-1, A Delaware Statutory Trust v. Denise M. Kord*, Case No. 30-2015-00811538-CL-CL-CJC, Plaintiff was physically located in the City of Colorado Springs, State of Colorado.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in the County of Orange, specifically, Defendants filing the lawsuit *National Collegiate Student Loan Trust 2004-1, A Delaware Statutory Trust v. Denise M. Kord*, Case No. 30-2015-00811538-CL-CL-CJC, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendant conducted business within the State of California.

HYDE & SWIGART
San Diego, California

## Parties

14. Plaintiff is a natural person who resides in the City of Colorado Springs, State of Colorado.

15. Defendant Bleier & Cox is located in the City of Encino, in the State of California.

16. Defendant National Collegiate is located in the City of Wilmington, in the State of Delaware.

17. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## Factual Allegations

22. Sometime before September 24, 2015, Plaintiff is alleged to have incurred certain financial obligations to Defendant.

23. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

24. Sometime thereafter, but before September 24, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before September 24, 2015, the alleged debt was assigned, placed, or otherwise transferred, to Defendant Belier & Cox for collection.

26. On or about September 24, 2015, Bleier & Cox, acting on behalf of National Collegiate, filed a collections lawsuit against Plaintiff in the Superior Court of California, County of Orange, Case No. 30-2015-00811538-CL-CL-CJC ("the lawsuit").

27. The lawsuit was unrelated to real property.

28. When the lawsuit was filed, Bleier & Cox, acting on behalf of National Collegiate, Bleier & Cox failed to bring this action in the judicial district or similar legal entity in which Plaintiff signed the contract sued upon.

29. When the lawsuit was filed, Bleier & Cox, acting on behalf of National Collegiate, Bleier & Cox failed to bring this action in the judicial district or similar legal entity in which Plaintiff resided at the commencement of the action.

30. Consequently, Bleier & Cox and National Collegiate violated 15 U.S.C. § 1692i(a)(2), and Cal. Civ. Code § 1788.17 as that section of the California's Rosenthal Act incorporates by reference 15 U.S.C. § 1692i(a)(2).

31. As a result, Plaintiff has been forced to litigate the lawsuit in a jurisdiction that is inconvenient for Plaintiff and which causes Plaintiff to incur pecuniary costs and expenses that Plaintiff would not otherwise have to incur.

32. Through this conduct, Defendants were also collecting or attempted to collect a consumer debt, other than one reduced to judgment, by means of judicial proceedings in a county other than the county in which the debtor had incurred the consumer debt or the county in which the debtor resided at the time such proceedings were instituted, or resided at the time the debt was incurred. Consequently, Defendants violated Cal. Civ. Code § 1788.15(b).

33. As a result of Defendants' illegal conduct, Plaintiff has incurred actual damages, including actual damages, and including being forced to defend a baseless action in a State in which Plaintiff does not reside.

## Causes of Action

## Count I

## Fair Debt Collection Practices Act (FDCPA)

## As To Defendant Bleier & Cox Only

## 15 U.S.C. §§ 1692 et seq.

34. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692.

36. As a result of each and every violation of the FDCPA by Defendants, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

///

# Count II

## Rosenthal Fair Debt Collection Practices Act (Rosenthal Act)

## Cal. Civ. Code §§ 1788-1788.32

37. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

38. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

39. As a result of each and every violation of the Rosenthal Act, by Defendants, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

## Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

HYDE & SWIGART
San Diego, California

• An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                                   **HYDE & SWIGART**

Date: September 22, 2016          By: /s/ Sara Khosroabadi
                                                           Sara Khosroabadi, Esq.
                                                           Attorneys for Plaintiff